IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02194-BNB

MATTHEW TAZIO REDMON, on behalf of himself and all present and future pre-trial
detainees and sentenced inmates of the Weld County Jail,

      Plaintiff,

v.

VARIOUS MEMBERS OF THE WELD COUNTY SHERIFF'S OFFICE,
MEMBERS OF THE WELD COUNTY BOARD OF COMMISSIONERS,
THE CITY OF GREELEY, CO., CITY COUNCIL MEMBERS,
JOHN COOKE, Sheriff,
RICK DILL, Chief Administrator,
STERLING GEESMAN, Deputy Chief,
JIM HAYWARD, Investigator,
M. BRIDGES, Commander,
P. GLANZ, Commander,
F. GOMEZ, Commander,
P. GRAHAM, Commander,
J. METTINGER, Commander,
J. RODRIGUEZ, Commander,
C. RYAN, Commander,
K. SALBERG, Commander,
DAVID LONG, Commissioner,
DOUGLAS RADEMACHER, Commissioner,
ROB MASDEN, Commissioner,
WILLIAM JERKE, Commissioner,
BILL GARCIA, Commissioner,
TOM SELDERS, Mayor,
JAN BRANHAM, Councilman,
ED PHILLIPSEN, Councilman,
DON FELDHAUS, Councilman,
DEBBIE PILCH, Councilman,
CARROL MARTIN, Councilman,
PAM SHADDOCK, Councilman,
L. BARKER, Deputy Sheriff,
K. SCHUETT, Deputy Sheriff,
R. WAYMAN, Commander, and
NANCY KROLL, Deputy Sheriff,

      Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 16 2007

GREGORY C. LANGHAM
CLERK

## ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

Plaintiff, Matthew Tazio Redmon, is incarcerated at the Weld County Jail in Greeley, Colorado.  Mr. Redmon initiated this action by filing *pro se* a Prisoner Complaint.  On October 24, 2007, he filed an amended Prisoner Complaint pursuant to 42 U.S.C. § 1983.  The court must construe the amended complaint liberally because Mr. Redmon is representing himself.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not be the *pro se* litigant's advocate.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Redmon will be ordered to file a second amended complaint.

The court has reviewed Mr. Redmon's amended complaint and finds that it is deficient.  First, Mr. Redmon may not assert claims on behalf of other detainees and inmates confined at the Weld County Jail.  A *pro se* litigant may not represent other *pro se* litigants in federal court, *see* 28 U.S.C. § 1654, and is not an adequate class representative for a putative class action.  *See Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000).  Therefore, Mr. Redmon may pursue only his own individual claims in this action.

In addition, the Court finds that the amended complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument*

2

*Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Redmon sets forth numerous generalized statements regarding the conditions of confinement at the Weld County Jail but he fails to set forth a short and plain statement of his claims showing that he is entitled to relief. Mr. Redmon fails to allege specific facts that demonstrate his constitutional rights somehow have been violated by the named Defendants. Therefore, Mr. Redmon will be directed to file a second amended complaint that complies with the pleading requirements of Rule 8. In order for Mr. Redmon to state a claim in federal court, his second amended "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Mr. Redmon is reminded that it is his responsibility to present his

3

claims clearly and concisely in a manageable format that allows the court and the Defendants to know what claims are being asserted and to be able to respond to those claims.

Mr. Redmon also is reminded that personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Redmon must show that each Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable on a theory of respondeat superior. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). Accordingly, it is

ORDERED that Mr. Redmon file **within thirty (30) days from the date of this order** an original and a copy of a second amended complaint that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Redmon, together with a copy of this order, two copies of the following form: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Redmon fails to file an original and sufficient copies of a second amended complaint that complies with this order to the court's satisfaction within the time allowed, the action will be dismissed without further notice.

4

DATED November 16, 2007, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

### CERTIFICATE OF MAILING

Civil Action No. 07-cv-02194-BNB

Matthew T. Redmon
Prisoner No. P00066020
Weld County Jail
2110 "O" Street
Greeley, CO 80631

     I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on _11/16/07_

GREGORY C. LANGHAM, CLERK

By: _____
               Deputy Clerk