IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02194-BNB

MATTHEW TAZIO REDMON,

    Plaintiff,

v.

VARIOUS MEMBERS OF THE WELD COUNTY SHERIFF'S OFFICE,
MEMBERS OF THE WELD COUNTY BOARD OF COMMISSIONERS,
THE CITY OF GREELEY, CO., CITY COUNCIL MEMBERS,
JOHN COOKE, Sheriff,
RICK DILL, Chief Administrator,
STERLING GEESAMAN, Deputy Chief,
JIM HAYWARD, Investigator,
M. BRIDGES, Commander,
P. GLANZ, Commander,
F. GOMEZ, Commander,
P. GRAHAM, Commander,
J. METTINGER, Commander,
J. RODRIGUEZ, Commander,
C. RYAN, Commander,
K. SALBERG, Commander,
DAVID LONG, Commissioner,
DOUGLAS RADEMACHER, Commissioner,
ROB MASDEN, Commissioner,
WILLIAM JERKE, Commissioner,
BILL GARCIA, Commissioner,
TOM SELDERS, Mayor,
JAN BRANHAM, Councilman,
ED PHILLIPSEN, Councilman,
DON FELDHAUS, Councilman,
DEBBIE PILCH, Councilman,
CARROL MARTIN, Councilman,
PAM SHADDOCK, Councilman,
L. BARKER, Deputy Sheriff,
K. SCHUETT, Deputy Sheriff,
R. WAYMAN, Commander,
NANCY KROLL, Deputy Sheriff,
A. WALKER, Deputy Sheriff, and
A. WILLS, Deputy Sheriff,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 19 2007

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Plaintiff Matthew Tazio Redmon is incarcerated at the Weld County Jail in Greeley, Colorado. Mr. Redmon initiated this action by filing *pro se* a Prisoner Complaint. On October 24, 2007, he filed an amended Prisoner Complaint pursuant to 42 U.S.C. § 1983 claiming that his rights under the United States Constitution have been violated. On November 16, 2007, Magistrate Judge Boyd N. Boland ordered Mr. Redmon to file a second amended complaint that is limited to his own personal claims, that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, and that provides specific facts that demonstrate how each named Defendant personally participated in the asserted constitutional violations. On November 30, 2007, Mr. Redmon filed a second amended complaint.

The Court must construe the second amended complaint liberally because Mr. Redmon is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the second amended complaint is held to standards less stringent than those governing a formal pleading drafted by lawyers. *See id.* However, the Court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110.

The Court has reviewed Mr. Redmon's second amended complaint and finds that the second amended complaint still fails to comply with the pleading requirements of Rule 8. The twin purposes of a pleading are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the

Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) requires that a pleading "contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1) which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Redmon fails in his second amended complaint, which is 169 pages long, to set forth a short and plain statement of his claims showing that he is entitled to relief and he fails to allege specific facts that demonstrate how each named Defendant personally participated in the asserted constitutional violations. Magistrate Judge Boland specifically advised Mr. Redmon that, in order "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Despite the considerable bulk of the second

amended complaint, Mr. Redmon fails to provide this sort of detail regarding the actions of the individual Defendants that allegedly have violated his rights. Magistrate Judge Boland also specifically advised Mr. Redmon that it is Mr. Redmon's responsibility to present his claims clearly and concisely in a manageable format that allows the Court and the Defendants to know what claims are being asserted and to be able to respond to those claims. The second amended complaint also fails in this respect. Therefore, the action will be dismissed for failure to comply with the pleading requirements of Rule 8. Accordingly, it is

ORDERED that the complaint, the amended complaint, the second amended complaint, and the action are dismissed without prejudice for failure to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.

DATED at Denver, Colorado, this 18 day of December, 2007.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-02194-BNB

Matthew T. Redmon
Prisoner No. P00066020
Weld County Jail
2110 "O" Street
Greeley, CO 80631

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 12\19\07

GREGORY C. LANGHAM, CLERK

By: *[signature]*
Deputy Clerk